UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CAROL BERG GEIST,

               Plaintiff,

               -against-

UNION SECURITY LIFE INSURANCE COMPANY
OF NEW YORK, previously known as FIRST FORTIS
LIFE INSURANCE COMPANY,

               Defendant.
-----------------------------------------------------------------x

JUDGE CROTTY

ECF Case

06 CV 5406

Civil Action No.

**COMPLAINT**

RECEIVED JUL 1 8 2006 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff Carol Berg Geist, by her attorneys Fried & Epstein LLP, for her complaint against defendant Union Security Life Insurance Company of New York, previously known as First Fortis Life Insurance Company, alleges as follows:

    1.    This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

    2.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Under 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

    3.    Venue is properly in this district pursuant to 29 U.S.C. § 1132(e)(2), in that the Plan as hereinafter defined is administered in this district and Defendant resides or may be found in this district.

    4.    Plaintiff Carol Berg Geist ("Ms. Geist") is duly admitted to practice law in the courts of the state of New York.

5. At all relevant times, Ms. Geist was and is a partner of the New York law firm of Davidson, Dawson & Clark LLP.

6. The office of Davidson, Dawson & Clark LLP is at 60 East 42nd Street, 38th floor, New York, New York 10165.

7. At all relevant times, Ms. Geist was and is a participant, within the meaning of 29 U.S.C. § 1002(7), in the Davidson, Dawson & Clark LLP Long Term Disability Plan (the "Plan").

8. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1).

9. At all relevant times, defendant Union Security Life Insurance Company of New York, previously known as First Fortis Life Insurance Company ("Fortis"), is and has been the named claims fiduciary within the meaning of 29 U.S.C. § 1002(21)(A).

10. The benefits under the Plan were furnished in accordance with and pursuant to Group Policy No. 2,990,228 that Fortis sold to Davidson, Dawson & Clark LLP (the "Fortis Disability Policy").

11. At all relevant times, Ms. Geist was and is a "covered person" in the Fortis Disability Policy.

12. As a partner of Davidson, Dawson & Clark LLP, Ms. Geist was and is provided with long-term disability insurance coverage under the Plan.

13. On or about January 1, 2003, Ms. Geist became disabled within the meaning of the Plan as a result of one or more injuries and/or sicknesses.

14. Ms. Geist applied for long-term disability benefits under the Plan.

15. By letter dated November 1, 2004, Fortis denied Ms. Geist long-term disability benefits.

16. By letter dated April 28, 2005, with the accompanying record, Ms. Geist appealed, for the first time, Fortis' denial of long-term disability benefits.

17. By letter dated January 4, 2006, Fortis denied Ms. Geist's first appeal.

18. By letter dated February 15, 2006, with the referenced record, Ms. Geist appealed, for the second time, Fortis' denial of long-term disability benefits.

19. By letter dated April 18, 2006, Fortis denied Ms. Geist's second appeal.

20. Ms. Geist has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

21. Under the terms of the Plan, a disabled participant is entitled to receive 60% of monthly pay subject to a maximum of $5,000 per month.

22. From on or about January 1, 2003, Ms. Geist has had and continues to have an injury and/or sickness, for which she is under the regular care and attention of a doctor, that (a) has prevented her and continues to prevent her from performing at least one of the material duties of her regular occupation, and/or (b) has prevented her, on a month-by-month basis, from earning more than 80% of her monthly pay.

23. From on or about January 1, 2003, Ms. Geist has been disabled, within the meaning of the Plan, as a result of one or more injuries and/or sicknesses.

24. Fortis has acknowledged that Ms. Geist has numerous medical conditions.

25. Fortis has informed Ms. Geist that her numerous medical conditions do not prevent her from performing all the material duties of her regular occupation as a lawyer.

26. Fortis' determination that Ms. Geist's numerous medical conditions do not prevent her from performing all the "material duties" of her regular occupation as a lawyer is based on a standard as to what generally are the "material duties" of a lawyer that is not contained in the Plan.

27. Fortis' determination that Ms. Geist's numerous medical conditions do not prevent her from performing all the "material duties" of her regular occupation as a lawyer is based on a standard as to what generally are the "material duties" of a lawyer that is not ascertainable by reference from the Plan.

28. Fortis' determination that Ms. Geist's numerous medical conditions do not prevent her from performing all the "material duties" of her regular occupation as a lawyer is contrary to the terms of the Plan.

29. Fortis' determination that Ms. Geist's numerous medical conditions do not prevent her from performing all the "material duties" of her regular occupation as a lawyer is contrary to Fortis' internal guidelines.

30. Fortis' determination that Ms. Geist's numerous medical conditions do not prevent her from performing all the "material duties" of her regular occupation as a lawyer is contrary to the medical evidence.

31. Fortis' denial of Ms. Geist's claim for long-term disability benefits is unreasonable, contrary to the preponderance of the evidence, and/or arbitrary and capricious.

32. Upon information and belief, Fortis has a conflict of interest.

33. Upon information and belief, Fortis' determination of Ms. Geist's claim for benefits was affected by its conflict of interest.

34. Under 29 U.S.C. § 1132(a)(1)(B), Ms. Geist is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

35. Plaintiff repeats and realleges the allegations of paragraphs 1 through 34 above.

36. By reason of Fortis' failure to pay Ms. Geist long-term disability benefits as due under the terms of the Plan, she has been forced to retain attorneys to recover such benefits, for which she has and will continue to incur attorney's fees. Ms. Geist is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to 29 U.S.C. § 1132(g)(1).

WHEREFORE, Ms. Geist demands judgment against Fortis:

A. For the amount of all long-term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay Ms. Geist long-term disability benefits in the future as required by the Plan;

C. For the costs of this action and Ms. Geist's attorneys' fees; and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
July 18, 2006

                    FRIED & EPSTEIN LLP

                    By: /s/ John W. Fried
                    John W. Fried (JF 2667)

                    1350 Broadway, Suite 1400
                    New York, New York 10018
                    Tel: (212) 268-7111

                    *Attorneys for Plaintiff Carol Berg Geist*